### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALBERT C. MCCOY,** *et al.***,**             ) | |
|                                                                       ) | |
|             **Plaintiffs,**                                 ) | |
| **v.**                                                              ) | |
|                                                                       ) | **CASE NO. 07-2097-CM** |
| **UNITED STATES OF AMERICA,**         ) | |
|                                                                       ) | |
|             **Defendant.**                                ) | |
|                                                                       ) | |

### ORDER

This matter comes before the court on the parties' Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion and to Cancel the July 25, 2007 Scheduling Order (Doc. 23) and Memorandum in Support (Doc. 24). As this motion is joint, all issues are ripe for disposition.

**Background**

On August 25, 2006, the Honorable Paul L. Friedman of the United States District Court for the District of Columbia transferred this action to the District of Kansas[1] and on March 1, 2007, the present case was actually filed in the District of Kansas.[2] On May 30, 2007 defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) and accompanying Memorandum in Support (Doc. 19). On June 18, 2007, this court entered an Initial Order setting a telephone scheduling conference for July 25, 2007 and requiring the parties to conduct their Fed. R. Civ. P. 26(f) conference by no later than July 11, 2007.

On June 29, 2007, the parties filed the present joint motion seeking to stay discovery until the court had ruled on defendants' motion to dismiss. As the motion explains defendant's

---

[1]*See* Memorandum and Order (Doc. 6).

[2]*See* Docket.

"dispositive motion is based upon the discretionary function exception to liability under the FTCA and upon a failure to exhaust argument."[3] The motion states "[b]ecause grant of the United States' motion would resolve the case without discovery, the parties agree that discovery should not go forward before the Court rules on it."[4]

However, despite the "Joint" title of the present motion, due to several caveats raised by both parties, the court has concerns as to whether the present motion is, in fact, joint. A footnote in the present motion provides:

> Plaintiffs reserve the right under Fed. R. Civ. P. 56(f) to aver by affidavit that summary judgment should not be considered before they take discovery relevant to the applicability of the discretionary function exception, but they acknowledge that they should not be allowed to commence discovery now, before the Court decides whether discovery is warranted. The United States reserves the right to oppose a request for discovery by Plaintiffs and agrees that discovery should not commence unless and until the Court rules that Plaintiffs are entitled to it.[5]

**Standard**

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[6] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[7] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions

---

[3] Memorandum in Support (Doc. 24) at p. 1.

[4] *Id.*

[5] *Id.* at p. 1-2 n.1.

[6] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[7] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

are pending.[8]  A "major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity."[9]  It is also appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[10]

**Discussion**

**1.     Absolute or qualified immunity exception.**

While several cases in the District of Kansas deal with the absolute or qualified immunity exception,[11] in the instant case defendant's motion to dismiss is not based on absolute or qualified immunity, but rather on exceptions to the sovereign immunity waiver contained in the Federal Tort Claims Act ("FTCA").  Indeed, in *Afshar v. United States Dep't of State* the defendant's motion was denied even though the defendant had a pending dispositive motion to dismiss based on sovereign immunity.[12]  As a result, the court finds that this exception to the general rule against staying discovery does not apply to the present case.

---

[8] *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D. Kan. 1994).

[9] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *2.

[10] *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

[11] *Dahl v. City of Overland Park*, No. 02-2036-JAR 2002 U.S. Dist. LEXIS 13465 (D. Kan. July 8, 2002); *Molina v. Christensen*, No. 00-2585-CM, 2002 U.S. Dist. LEXIS 700, at *3 (D. Kan. Jan. 18, 2002).

[12] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *3.

**2.      The present motion has not shown that the instant case will likely be concluded as a result of a ruling on the dispositive motion.**

To stay discovery, based on this exception, defendant must prove that it is *likely* to prevail on the dispositive motion.  Here, it is not clear at this stage that the district court will likely grant defendant's motion to dismiss.  In fact, the present motion only argues that if the district court were to grant defendant's motion to dismiss then discovery would prove pointless.  However, if the court were to stay discovery every time a party filed a dispositive motion, such a practice would eviscerate the general rule against staying discovery.

**3.      In the present case additional discovery could impact the pending motion to dismiss.**

In deciding a motion to stay discovery, the court also considers whether the non-moving party needs to use discovery in order to establish facts to defend the dispositive motion.  Here, the court believes these circumstances do apply and, in turn, counsel against staying discovery.  Plaintiffs have argued that "summary judgment should not be considered before [the parties] take discovery relevant to the applicability of the discretionary function exception [of the FTCA]."  However, defendants' Motion to Dismiss, is alternatively, a Motion for Summary Judgment.  Should the court convert defendants' motion to one for summary judgment, then plaintiffs would seek to conduct discovery.  As a result, the court believes that additional discovery could impact defendant's pending motion to dismiss.

**4.      Whether discovery would be wasteful and burdensome.**

In determining whether to grant or deny a motion to stay discovery, courts also consider whether discovery into the complaint in its entirety would be wasteful or burdensome.  However,

the present motion fails to argue, and the court does not believe, plaintiff's claims are so broad that discovery on all issues would be burdensome and wasteful.[13]

In the present motion the parties have failed to provide any reason to stay discovery other than both parties have agreed to such an proposition.  If the present motion is in fact joint, then granting the present motion would not stymie plaintiffs' right to proceed in court.  However, as discussed above, the language of the present motion leads the court to question whether the present motion is truly joint in nature.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion and to Cancel the July 25, 2007 Scheduling Order (Doc. 23) is denied.

IT IS SO ORDERED.

Dated this 2d day of July, 2007, at Topeka, Kansas.

   s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[13] *Kutilek*, 132 F.R.D. at 298, *Wolf* 157 F.R.D. at 494.