**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ALBERT C. MCCOY,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | |
| ) | **CASE NO. 07-2097-CM** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

This matter comes before the court upon the defendant's Motion to Reconsider the Court's July 2, 2007 Order Denying the Parties' Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion and to Cancel the July 25, 2007 Scheduling Conference (Doc. 29) and Memorandum in Support (Doc. 30). Plaintiff has filed a response (Doc. 31). Defendant has not yet filed a reply in support of its motion. However, the court finds further briefing on this issue unnecessary and is prepared to rule.

**I.   Background**

On August 25, 2006, the Honorable Paul L. Friedman of the United States District Court for the District of Columbia transferred this action to the District of Kansas[1] and on March 1, 2007, the present case was actually filed in the District of Kansas.[2] On May 30, 2007 defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) and accompanying Memorandum in Support (Doc. 19). On June 18, 2007, this court entered an Initial Order setting

---

[1] *See* Memorandum and Order (Doc. 6).

[2] *See* Docket.

a telephone scheduling conference for July 25, 2007 and requiring the parties to conduct their Fed. R. Civ. P. 26(f) conference by no later than July 11, 2007.

On June 29, 2007, defendant filed a Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion and to Cancel the July 25, 2007 Scheduling Order (Doc. 23) which provided in part "[b]ecause grant of the United States' motion would resolve the case without discovery, the parties agree that discovery should not go forward before the Court rules on it."[3] On July 2, 2007, the court denied defendant's motion. Specifically, "due to several caveats raised by both parties" the court expressed "concerns as to whether the present motion [was], in fact, joint"[4] A footnote in defendant's original motion provided:

> Plaintiffs reserve the right under Fed. R. Civ. P. 56(f) to aver by affidavit that summary judgment should not be considered before they take discovery relevant to the applicability of the discretionary function exception, but they acknowledge that they should not be allowed to commence discovery now, before the Court decides whether discovery is warranted. The United States reserves the right to oppose a request for discovery by Plaintiffs and agrees that discovery should not commence unless and until the Court rules that Plaintiffs are entitled to it.[5]

As a result, the court found:

> If the present motion is in fact joint, then granting the present motion would not stymie plaintiffs' right to proceed in court. However, as discussed above, the language of the present motion leads the court to question whether the present motion is truly joint in nature.[6]

---

[3]Memorandum in Support of Joint Motion to Stay Discovery (Doc. 24) at p. 1.

[4] Order (Doc. 26) at p. 2.

[5]Memorandum in Support of Joint Motion to Stay Discovery (Doc. 24) at p. 1-2 n.1.

[6] Order (Doc. 26) at p. 5.

2

The court also found that the parties had failed to demonstrate that their case fell under one of the clearly outlined exceptions to the general rule in the District of Kansas that discovery should not be stayed.

On July 23, 2007, defendant filed the present motion for reconsideration.[7] This motion for reconsideration chiefly argues that the court's erred in relying on *Afshar v. United States Dep't of State*.[8] In addressing the absolute or qualified immunity exception to the general rule against staying discovery, this court stated:

> While several cases in the District of Kansas deal with the absolute or qualified immunity exception,[9] in the instant case defendant's motion to dismiss is not based on absolute or qualified immunity, but rather on exceptions to the sovereign immunity waiver contained in the Federal Tort Claims Act ("FTCA"). Indeed, in *Afshar v. United States Dep't of State* the defendant's motion was denied even though the defendant had a pending dispositive motion to dismiss based on sovereign immunity.[10] As a result, the court finds that this exception to the general rule against staying discovery does not apply to the present case.[11]

The present motion explains that defendant in *Afshar*, represented by the same counsel as here, appealed Judge Rushfelt's decision to the district judge arguing that *Afshar* was decided incorrectly as a matter of law. However, "[i]nstead of reversing Magistrate Judge Rushfelt's decision denying the defendants' motion to stay discovery, Judge Murgia granted the defendants' dispositive motion for many reasons, including lack of subject matter jurisdiction, mooting the

---

[7] Defendant's motion was timely. See D. Kan. Rule 7.3 and Fed. R. Civ. P. 6(a).

[8] No. 06-2017, 2006 U.S. Dist. LEXIS 52435 (D. Kan. July 18, 2006)

[9] *Dahl v. City of Overland Park*, No. 02-2036-JAR 2002 U.S. Dist. LEXIS 13465 (D. Kan. July 8, 2002); *Molina v. Christensen*, No. 00-2585-CM, 2002 U.S. Dist. LEXIS 700, at *3 (D. Kan. Jan. 18, 2002).

[10] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *3.

[11] Order (Doc. 26) at p. 3.

3

defendants' appeal challenging the denial of their request to stay discovery."[12]  Defendant also argues that it has demonstrated that a stay of discovery is appropriate in this case based upon the strength of its dispositive motion.[13]

In response, plaintiffs state that while they do not agree with the reasons stated in defendant's Motion for Reconsideration, because defendant's motion to reconsider "seeks only the relief sought by the parties' joint motion, plaintiff does not oppose grant of the relief requested."[14]  Plaintiff further explains "A stay [of discovery] should [be] issue[d] both to enable plaintiffs to concentrate their efforts on responding to defendant's motion [to dismiss] and to avoid possible waste of the parties' resources on time-consuming and costly discovery.  The latter consideration is particularly significant because plaintiffs are indigent."[15]

## II.  Standard

D. Kan. Rule 7.3 instructs that motions for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct or prevent manifest injustice."[16] "[W]here the court has misapprehended the facts, a party's position or the controlling law" reconsideration may be appropriate.[17]  However, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues

---

[12] Memorandum in Support of Motion for Reconsideration (Doc. 30) at p. 2.

[13] *Id.*

[14] Response (Doc. 31) at p. 1.

[15] *Id.*

[16] *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[17] *Id.* at 1012.

4

already addressed or to consider new arguments and supporting facts that *could have been presented originally*."[18] So too, a motion for reconsideration is not a "second chance when a party has failed to present its strongest case in the first instance."[19] The decision to grant or deny a motion for reconsideration lies soundly within the court's discretion.[20]

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[21] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[22] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[23] A "major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity."[24] It is also appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery

---

[18] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

[19] *Id.* (citation omitted).

[20] *Hancock v. City of Oklahoma City*, 857 F.3d 1394, 1395 (10th Cir. 1988); *Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1207 (D. Kan. 1999).

[21] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[22] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[23] *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D. Kan. 1994).

[24] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *2.

would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[25]

### III.   Discussion

As detailed below, in reconsideration of its previous motion, the court will stay discovery in the present case.

####   A.   Misapprehension of plaintiffs' position.

Here, the court finds that it "misapprehended" plaintiffs' position and as a result reconsideration is appropriate.[26] The court denied defendant's original motion to stay discovery in part because the original language of the present motion lead the court to "question whether the present motion is truly joint."[27]  However, the court noted that if the original motion was "in fact joint, then granting the . . . motion would not stymie plaintiffs' right to proceed in court."[28]  Because plaintiffs themselves have now clarified that the original motion was truly joint in nature, the court finds reconsideration warranted.[29]

Defendants argue that "[i]n the District of Kansas, the Courts routinely grant stays of discovery pending the district court's ruling on the United States' dispositive motion based upon a lack of subject matter jurisdiction (and other dispositive defenses)."[30]  The court agrees that courts

---

[25]  *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

[26]*Servants of the Paraclete*, 204 F.3d at 1012.

[27] Order (Doc. 26) at p. 5.

[28]*Id.*

[29]Response (Doc. 31) at p. 1- 2.

[30]*See* Memorandum in Support (Doc. 30) at p. 3.

in the District of Kansas can and have stayed discovery pending the district court's resolution of a dispositive motion. However, such decisions are not necessarily "routine." In fact, in all the cases cited by defendant for this proposition, save one, plaintiff either agreed to stay discovery or failed to oppose the motion.[31] Again, when the motion to stay discovery is joint, the court has more latitude to stay discovery because the court is not denying plaintiff "the right to proceed[]in court [.]"[32]

The other case cited by defendant for the proposition that the court should have stayed discovery pending resolution of its dispositive motion involved the court granting a defendant's motion for a more definitive statement.[33] The court, upon "careful review of the record as it currently stands, . . . conclude[d] that a stay of all pretrial proceedings . . . [was] warranted until the court resolves defendant's *anticipated* dispositive motion."[34] At no point in this unpublished case did the court state it stayed discovery because of a *pending* dispositive motion based on subject matter jurisdiction. Rather, it appears that in its discretion, the court chose to stay discovery until the *pro se* plaintiff amended his complaint, because plaintiff's original complaint made it impossible

---

[31] *See* Memorandum in Support (Doc. 30) at (Exhibit C)(*Greenlee v. USPS*, Case No. 06-2167-CM, "Plaintiff has filed no opposition to either the Motion to Dismiss or the Motion to Stay); (Exhibit D)(*Williams v. United* States, CaseNo. 04-3003-JWL, "Plaintiff has not filed a response; thus for good cause shown, the Court grants the Motion as unopposed pursuant to D. Kan. Rule 7.4); (Exhibit F)(Docket entry for *Jupiter v. United States Bureau of Prisons*, Case No. 03-3295-KVH, same); (Exhibit E)(*Newman v. Geary County Board of County Commissioners, et al.* "None of the parties, including plaintiff, oppose the requested stay[.]").

[32]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).

[33]*See* Memorandum in Support (Doc. 30) at (Exhibit G)(*Greenlee v. USPS*, Case No. 05-2509-JWL).

[34]*Id.* (emphasis added).

7

for defendant to "frame responsive pleadings or *formulate*[] *a discovery plan.*"[35] Simply put, the court is not persuaded by the facts of this case, or any of the cases cited by plaintiff, that a defendant's argument of lack of subject matter jurisdiction in a pending dispositive motion should necessarily compel the court to stay discovery.

To that end, in the court's discretion and with the information before it, the court chose not to stay discovery in the present case. However, now that the court has a clearer understanding of plaintiffs' position, the court now believes staying discovery pending resolution of defendant's pending dispositive motion is appropriate.

### B.   Sovereign Immunity

Because the court finds that it "misapprehended" plaintiff's position and reconsideration is appropriate on that basis, the court will not now resolve defendant's contention that the decision in *Afshar v. United States Dep't of State*[36] and this court's reliance thereon were incorrect. Defendant contends that the immunity exception to the general rule against staying discovery applies to all instances of immunity, including sovereign immunity, and not simply absolute or qualified immunity. Defendant cites *Greenlee v. USPS* which provides:

> The Court also finds a stay to be appropriate given that Defendant's motion to Dismiss raises issues of sovereign immunity. It is well settled that a defendant is entitled to have questions of immunity resolved before being required to engaged in discovery or other pretrial proceedings. "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." The Supreme Court has made is clear that until the threshold question of immunity is resolved, discovery should not be allowed.[37]

---

[35]*Id.* at p. 2 (emphasis added).

[36]No. 06-2017, 2006 U.S. Dist. LEXIS 52435 (D. Kan. July 18, 2006)

[37] *See* Memorandum in Support (Doc. 34) at (Exhibit C)(*Greenlee v. USPS*, Case No. 06-2167-CM)(citing *Siegert v. Gilley*, 500 U.S. 226, 232-33(1991)).

First, the court notes in *Greenlee v. USPS* plaintiff did not file a response in opposition to the motion to stay. Thus, as a general matter, because the motion to stay discovery was unopposed, the court had more leeway to stay discovery because such a stay would not deny plaintiff "the right to proceed[]in court [.]"[38]

Second, the Supreme Court of *Siegert v. Gilley*, cited by *Greenlee*, dealt with the issue of *qualified* immunity. In fact, *Gilley* actually provides "One of the purposes of immunity, *absolute* or *qualified*, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[39] While absolute immunity, qualified immunity and sovereign immunity may rely on many of the same principles, they each constitute a separate and distinct defense.[40]

A court in its discretion likely could stay discovery based on a defendant's pending dispositive motion related to sovereign immunity. However, the court does not believe the discussion of *qualified* immunity in *Gilley requires* the court to stay discovery in a case pending resolution of a sovereign immunity issue. Yet, because the court need not decide the issue, it will not.

---

[38]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt*., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).

[39]*Gilley*, 500 U.S. at 232 (emphasis added).

[40] *See Snell v. Tunnel*, 290 F.2d 673, 686 (10th Cir.1990) ("The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the *judicial process*); *Black'*s *Law Dictionary* 752 (6th ed.1990)(defining "qualified immunity" as "Affirmative defense which shields *public officials* performing discretionary functions from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which reasonable persons would have known.") *Id.* at 1396 (defining "sovereign immunity" as "the immunity from certain suits in federal court granted to states by the Eleventh Amendment to the United States Constitution" and generally as "[a] judicial doctrine which precludes bringing suit against the government without its consent.").

Accordingly,

IT IS THEREFORE ORDERED that defendant's Motion to Reconsider the Court's July 2, 2007 Order Denying the Parties' Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion and to Cancel the July 25, 2007 Scheduling Conference (Doc. 29) is granted.

IT IS FURTHER ORDERED that all pretrial proceedings–including all discovery and the parties' planning meeting and telephone scheduling conference– are stayed pending resolution of defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18).

IT IS SO ORDERED.

Dated this 16th day of July, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge