IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT C. MCCOY and ANTHONY )
MCCOY, )
              )
    Plaintiffs, )
              )
v. )
              )   No. 07-2097-CM
              )
UNITED STATES OF AMERICA, )
              )
    Defendant. )
              )

## MEMORANDUM AND ORDER

    Plaintiffs Albert C. McCoy and Anthony McCoy bring this action against defendant United States of America. Plaintiffs allege that defendant is liable for negligence under the Federal Tort Claims Act ("FTCA"). The case is before the court on defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18). Because limited additional discovery is relevant to the court's analysis, the court denies the motion without prejudice.

**I. Background**

    According to plaintiffs, the circumstances leading to this case began on December 31, 2002. At that time, plaintiffs were incarcerated at the United States Penitentiary in Leavenworth, Kansas. A white supremacist prisoner punched Albert McCoy in the nose. Later that day, someone stabbed and killed the white supremacist. A blood trail from the stabbing led to the cell of Michael White. Pending investigation of this killing, prison officials placed plaintiffs and Mr. White in detention. By January 2, 2003, plaintiffs shared a cell. At some point, plaintiffs declined the suggestion of placing Mr. White in their cell. In spite of this, officials assigned Mr. White to plaintiffs' cell on

August 22, 2003.  Ten days later—September 1, 2003—Mr. White stabbed plaintiffs repeatedly, accusing them of "snitching on him."  Mr. White stabbed plaintiff Anthony McCoy five times and plaintiff Albert McCoy twenty-five times.

Based on this, plaintiffs bring their present claim that defendant acted negligently by placing and leaving Mr. White in plaintiffs' cell despite their association in a pending investigation.  Plaintiffs bring their claim under the FTCA.

Presently, defendant motions the court to dismiss plaintiffs' claim for lack of subject matter jurisdiction, or, alternatively, for summary judgment.  Defendant argues that there were no mandatory regulations governing the cell assignments of plaintiffs or Mr. White, or otherwise binding prison officials to take a specific action.  Because of this, defendant argues that its actions, or inaction, satisfy the discretionary exemption of the FTCA.  The government does not waive sovereign immunity for cases that meet the discretionary exemption.

Plaintiffs respond that there are statutes and regulations that would have dictated that prison officials not place Mr. White in plaintiffs' cell.  Additionally, plaintiffs argue that because defendant's actions violated the Eighth Amendment and officials do not have discretion to violate constitutional rights, the discretionary exemption is not applicable.  Alternatively, plaintiffs identify materials that could be relevant to the court's resolution of the present motion, but have not been obtained in discovery.

Defendant replies that the statutes and regulations plaintiffs cite are not mandatory regulations.  Defendant denies that plaintiffs' constitutional argument waives sovereign immunity.  Lastly, defendant concludes, "the government has not withheld [discovery materials] from the plaintiffs' attorney.  The plaintiffs' attorney issued a FOIA request, which he could have appealed . .

. Discovery is also not necessary, as this court has sworn testimony from correctional professionals, that no mandatory policies exist to bind the agency with respect to [plaintiffs' claim]."

## II.  Judgment Standards

Unless the United States waives sovereign immunity, this court does not have subject matter jurisdiction over suits against the United States. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006) (quoting district court opinion). The FTCA waives sovereign immunity in certain circumstances. 28 U.S.C. § 1346(b). One limitation to the waiver of sovereign immunity applies to situations based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). Based on this, courts have identified the "discretionary function exemption." *Duke v. Dep't of Agric.*, 131 F.3d 1407, 1409 (10th Cir. 1997).

In *Berkovitz v. United States*, 486 U.S. 531 (1988), the Supreme Court established a two-part test for application of the discretionary function exemption. First, the court determines whether the challenged action "involves an element or judgment or choice[,]" or whether the conduct involves a "federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow." *Duke*, 131 F.3d at 1409 (quoting *Berkovitz*, 486 U.S. at 536). If there is such provision of defined action, the discretionary function exemption is inapplicable, meaning that sovereign immunity is waived. *Id.* Second, the court determines whether the judgment allowed is of "the kind that the discretionary function exemption was designed to shield." *Id.* The discretionary function exemption was designed to shield decisions related to considerations of public policy. *Id.*

Here, the parties agree on the legal analysis, but dispute whether there exist any statutes, regulations, or policies that would have bound defendant's actions. Resolution of this issue may depend on materials not presently before the court or available to both parties. Plaintiffs identified

several documents that could relate to whether a statute, regulation, or policy governed defendant's actions.  Defendant has indicated that it has not withheld any of the requested documents from plaintiffs, and that plaintiffs have not completed other avenues for acquiring the materials.  Futhermore, defendant claims that the evidence presented is sufficient to resolve whether any document mandated action.

Discovery in this case has been stayed.  Because the court finds that it is possible that plaintiffs could find materials that would rebut defendant's assertion of the discretionary function exemption, the court delays a decision on the merits and narrowly lifts the stay on discovery for this issue.  *See Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007) ("Further, it is well established that limited discovery may be necessary to resolve qualified immunity claims on summary judgment" and citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

The court instructs the parties to first consult on what materials relate to this narrowly-tailored discovery.  If further guidance from the court is needed, the parties should file a joint brief identifying the disputed materials within 30 days of this order.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) is denied without prejudice.

**IT IS FURTHER ORDERED** that the stay on discovery is narrowly lifted to allow for discovery of materials related to whether there exists a statute, regulation, or policy that prescribed a course of action for defendant in this case.

**IT IS FURTHER ORDERED** that the parties conduct this discovery as discussed.

Dated this 21st day of February 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**