IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALBERT C. MCCOY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No. 07-2097-CM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this action against defendant United States of America, alleging defendant is liable for negligence under the Federal Tort Claims Act ("FTCA").

This court, upon the agreement of the parties, stayed discovery until resolution of defendant's Motion to Dismiss. On February 21, 2008, the Honorable Carlos Murgia denied without prejudice defendant's Motion to Dismiss, instructing that "the stay on discovery is narrowly lifted to allow for discovery of materials related to whether there exists a statute, regulation, or policy that prescribed a course of action for defendant in this case."[1] Judge Murgia additionally instructed the parties "to first consult on what materials related to this narrowly-tailored discovery. If any further guidance is needed, the parties should file a joint brief identifying the disputed materials within 30 days of this order."[2] To that end, on March 24, 2008 the parties filed a Joint Brief in Response to [the] February 21, 2008, Order (Doc. 38) setting forth their disagreement as to the scope of the discovery allowed under Judge Murgia's Memorandum and Order. At the request of Judge Murgia's chambers, and

---

[1] Memorandum and Order (Doc. 37) at p. 4.

[2] *Id.*

upon a review of the parties' Joint Submission, the court will herein articulate the course and scope of the parties' narrow discovery.

**I.    Procedural History**

On August 25, 2006, the Honorable Paul L. Friedman of the United States District Court for the District of Columbia transferred this action to the District of Kansas[3] and on March 1, 2007, the present case was actually filed in the District of Kansas.[4] On May 30, 2007 defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) and accompanying Memorandum in Support (Doc. 19).  On June 18, 2007, this court entered an Initial Order setting a telephone scheduling conference.

On June 29, 2007, defendant filed a Joint Motion to Stay Discovery Pending Ruling on the United States' Dispositive Motion (Doc. 23) which provided in part "[b]ecause grant of the United States' motion would resolve the case without discovery, the parties agree that discovery should not go forward before the Court rules on it."[5]  On July 2, 2007, the court denied defendant's motion. Specifically, "due to several caveats raised by both parties" the court expressed "concerns as to whether the present motion [was], in fact, joint"[6]  A footnote in defendant's original motion provided:

> Plaintiffs reserve the right under Fed. R. Civ. P. 56(f) to aver by affidavit that summary judgment should not be considered before they take discovery relevant to the applicability of the *discretionary function exception*, but they acknowledge that they should not be allowed to commence discovery now, before the Court decides whether discovery is

---

[3]*See* Memorandum and Order (Doc. 6).

[4]*See* Docket.

[5]Memorandum in Support of Joint Motion to Stay Discovery (Doc. 24) at p. 1.

[6] Order (Doc. 26) at p. 2.

2

   warranted. The United States reserves the right to oppose a request for discovery by
   Plaintiffs and agrees that discovery should not commence unless and until the Court rules
   that Plaintiffs are entitled to it.[7]

As a result of this ambiguous language, the undersigned questioned whether the motion was truly joint in nature and denied the motion.[8]

  On July 23, 2007, defendant filed a motion for reconsideration.[9] In response to this motion, plaintiffs informed the court that because defendant's motion to reconsider "seeks only the relief sought by the parties' joint motion, plaintiff[s] d[id] not oppose [a] grant of the relief requested."[10] Accordingly, based upon the undersigned's previous misapprehension of plaintiffs' position, the court granted defendant's motion for reconsideration and stayed discovery "pending resolution of defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18)."[11]

  On February 21, 2008, Judge Murgia denied without prejudice defendant's Motion to Dismiss (Doc. 37). Judge Murgia summarized the parties' positions as follows:

> Plaintiffs respond that there are statutes and regulations that would have dictated that prison officials not place Mr. White in plaintiffs' cell. . . . Alternatively, *plaintiffs identify materials* that *could be relevant* to the court's resolution of the present motion, but have not been obtained in discovery.
>   Defendant replies that the statutes and regulations plaintiffs cite are not mandatory regulations. Defendant denies that plaintiffs' constitutional argument waives sovereign immunity. Lastly, defendant concludes, "the government has not withheld [discovery materials] from the plaintiffs' attorney. The plaintiffs' attorney issued a FOIA request, which he could have appealed . . . Discovery is also not necessary, as this court has sworn

---

[7] Memorandum in Support of Joint Motion to Stay Discovery (Doc. 24) at p. 1-2 n.1 (emphasis added).

[8] Order (Doc. 26) at p. 5.

[9] Defendant's motion was timely. See D. Kan. Rule 7.3 and Fed. R. Civ. P. 6(a).

[10] Response (Doc. 31) at p. 1.

[11] Memorandum and Order (Doc. 26) at p. 5.

testimony from correctional professionals, that no mandatory policies exist to bind the agency with respect to [plaintiffs' claim]."[12]

Judge Murgia then addressed the applicable standard, namely that the court does not have subject matter jurisdiction over suits against the United States unless the United States has waived sovereign immunity. Judge Murgia noted that the FTCA waives sovereign immunity in certain instances, including

> situations based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). Based on this, courts have identified the "discretionary function exemption." *Duke v. Dep't of Agric.*, 131 F.3d 1407, 1409 (10th Cir. 1997).
> In *Berkovitz v. United States*, 486 U.S. 531 (1988), the Supreme Court established a two-part test for application of the discretionary function exemption. First, the court determines whether the challenged action "involves an element or judgment or choice[,]" or whether the conduct involves a "federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow." *Duke*, 131 F.3d at 1409 (quoting *Berkovitz*, 486 U.S. at 536). If there is such provision of defined action, the discretionary function exemption is inapplicable, meaning that sovereign immunity is waived. *Id.* Second, the court determines whether the judgment allowed is of "the kind that the discretionary function exemption was designed to shield." *Id.* The discretionary function exemption was designed to shield decisions related to considerations of public policy. *Id.*[13]

The parties disputed whether there exists any statutes, regulations or policies that would have prescribed a course of action for an employee to follow, and, as a result, Judge Murgia concluded:

> Resolution of this issue may depend on *materials not presently* before the court or available to both parties. Plaintiffs identified *several documents* that could relate to whether a statute, regulation, or policy governed defendant's actions. Defendant has indicated that it has not withheld any of the requested documents from plaintiffs, and that plaintiffs have not completed other avenues for acquiring the materials.
> Discovery in this case has been stayed. Because the court finds that it is possible that plaintiffs could find materials that would rebut defendant's assertion of the discretionary function exemption, the court delays a decision on the merits and narrowly lifts the stay on discovery for this issue. *See Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007)

---

[12]Memorandum and Order (Doc. 37) at p. 2. (emphasis added).

[13]*Id.* at p. 3.

("Further, it is well established that limited discovery may be necessary to resolve qualified immunity claims on summary judgment" and citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

The court instructs the parties to first consult on what materials relate to this narrowly tailored discovery. If further guidance from the court is needed, the parties should file a joint brief identifying the disputed materials within 30 days of this order.[14]

## II.    Discussion

The purpose of the instant Memorandum and Order is to guide the scope and nature of the parties' discovery as ordered by Judge Murgia. That said, the court will not address the specific individual discovery requests outlined by plaintiffs in the parties' Joint Submission. The substance of the parties' Joint Submission seems akin to a motion to compel brought under Fed. Rule Civ. P. 37, but treating the parties' Joint Submission as such is unnecessary and illogical. First, ruling on a disjointed and confusing "Joint Submission" as a motion to compel would prove premature considering that the parties have not followed the District's local rules governing such motions.[15] Additionally, the court finds that establishing several general guidelines pertaining to the nature and scope of the parties' discovery will avoid a preemptive ruling as to the discoverability of plaintiff's document requests and should provide the parties with sufficient guidance to avoid an unnecessary motion to compel.

### A.    Scope and Nature of the Discovery

Upon review of the parties' lengthy submission, and upon consultation with the Honorable Carlos Murgia's chambers, the court can only reiterate that Judge Murgia's Memorandum and Order meant what it said. The stay of discovery has been lifted, albeit narrowly, "to allow for discovery

---

[14]*Id.* at p. 3-4.

[15]*See e.g.*, D. Kan. Rule 37.1(a); 37.2(b).

of materials related to whether there exists a statute, regulation, or policy that prescribed a course of action for defendant in this case." This requires a two-part test regarding (1) whether the challenged action "involves a "federal statute, regulation, or *policy* [that] specifically prescribes a course of action" and (2) if so, "whether the judgment allowed is of 'the kind that the discretionary function exemption was designed to shield.'"[16]

### 1.   Standard

In considering the scope of discovery allowable under *Berkovitz*, the court is mindful that "the determination of whether or not a given act by the United States is discretionary, and so excluded from coverage under the Federal Torts Claims Act is very much a *factual issue*, depending upon *evidentiary circumstances* present in each individual case."[17]

Furthermore, as a general matter,"[ p]arties may obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party" and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[18]  "Relevancy is broadly construed, and a request for discovery should be

---

[16]Memorandum and Order (Doc. 37) at p. 3.

[17] *Fanoele v. United States*, 898 F. Supp. 822, 823 (D. Kan. 1995) (emphasis added) (citing *Howard Routh & Sons v. United States*, 668 F.2d 454, 456 (10th Cir. 1981); *Taitt v. United States*, 770 F.2d 890 (10th Cir. 1985).  *See also Herd v. Asaro Inc.*, No. 08-515-H, 2003 U.S. Dist. LEXIS 27381, at * 67-68 (N.D. Okla. July 11, 2003)(applying the second prong in *Berkovitz* and concluding "under Tenth Circuit law, a court must apply an extremely fact-sensitive inquiry to determine whether the 'facts of the specific case overcome' the presumption that must be given to discretionary decisions.")(citing *Elder v. United States*, 312 F.3d 1172, 1182 (10th Cir. 2002)).

[18]Fed. R. Civ. P. 26(b)(1).

considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[19]

### 2. Scope of Discovery Generally

The court is aware of and sympathetic to the government's concerns that the court not order expansive discovery. However, in light of Judge Murgia's Memorandum and Order and considering the factual and evidentiary means by which the prongs of the *Berkovitz* test may be established and that relevance as to discovery is to be broadly construed, the court is unwilling to narrow discovery to such a degree so as to cut off plaintiffs' ability to meet the *Berkovitz* test. To overly constrict discovery would be to the detriment of not only plaintiffs, but to Judge Murgia's ability to decide a subsequent dispositive motion. Better to afford plaintiffs the opportunity to discover relevant information now, rather than to stifle relevant discovery and unnecessarily delay the timely resolution of this case. Indeed, this court stayed discovery based solely upon the agreement of the parties, an agreement that apparently no longer exists. Accordingly, it makes even less sense to *overly* narrow Judge Murgia's reasonably tailored order.

As a result, the court finds that to the extent the parties wish to engage in discovery which appears facially relevant to either of the *Berkovitz* factors– and the court notes that plaintiff's requests in the Joint Submission appear relevant on their face to at least one of the *Berkovitz* prongs–such discovery is permissible as it falls within the ambit of Judge Murgia's Memorandum and Order.

---

[19]*Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

### 3. Relevance of documents relied upon by plaintiff

Furthermore, the court notes that Judge Murgia specifically denied defendant's motion to dismiss without prejudice because of the possible existence of "*materials not presently* before the court or available to both parties" and plaintiff's identification of "*several documents* that could relate to whether a statute, regulation, or policy governed defendant's actions."[20] Considering Judge Murgia relied upon plaintiff's assertion that these documents might be relevant when denying the motion to dismiss, it seems illogical for the government to discount the relevance of any of the documents listed in plaintiff's response to the government's motion to dismiss.

### 4. Eighth Amendment

Similarly, the court will not preemptively rule as to whether plaintiffs can use alleged violations of the Eighth Amendment to meet the *Berkovitz* test. Defendant offers case law to indicate that the Eighth Amendment has no relevance to the discretionary function,[21] while plaintiffs offer case law to support their position that a violation of the Eighth Amendment could be relevant[22], and neither side has offered a Tenth Circuit opinion addressing the issue.[23]

It is possible that Judge Murgia will agree with defendant on the legal point that violations of the Eighth Amendment have no impact on the resolution of this case. However, to cutoff *discovery* of facts to support this legal position before Judge Murgia has made such a ruling would

---

[20]Memorandum and Order (Doc. 37) at p. 4.

[21]Joint Submission (Doc. 38) at p. 5-6.

[22]*Id.* p. 24-26.

[23]*See e.g.*, *id.* at p. 25 n. 9 (plaintiffs are "aware of no Tenth Circuit opinion addressing the issue.").

unnecessarily prejudice plaintiffs and impermissibly interfere with Judge Murgia's ability to decide this matter.

  **B.**  **Protective Order**

 Defendant also argues that certain documents plaintiffs seek are "highly sensitive agency policies, implicating serious security and safety concerns if the information in those policies is released to the public or to the plaintiffs in this action."[24] Defendant notes that plaintiffs are currently incarcerated by the United States and it would prove "improvident to allow the BOP's sensitive policies to be made available to either of them."[25] Defendant concludes that "making the information contained in the BOP's sensitive policies available to Plaintiffs, Plaintiff's counsel, and/or the general public, potentially compromises existing security measures and could endanger the lives of BOP staff, inmates and the public."[26]

 As a result, defendant suggests two options, first to allow the court to review the documents *in camera* to determine their discoverability. Second, defendant suggests the court permit the review of the specifically contested documents for "view only" in BOP offices with counsel for plaintiffs. Under this second alternative counsel for plaintiffs would not be able to copy these documents or share specific information in the policies with his clients or any other member of this staff, but would be permitted to "identify any portion of the policies he wishes to submit to the court for filing under seal."[27]

---

[24]*Id.* at p. 7.

[25]*Id.*

[26]*Id.*

[27]*Id.* at p. 8.

In turn, plaintiffs argue that either option is much too restrictive and overly onerous. Plaintiffs contend that a protective order which the following provisions would be sufficient:

> (a) limits disclosure of the materials to counsel only, (b) allows counsel to use the materials solely for purposes of this case, and (c) prohibits counsel from disclosing the information to others or filing the materials in the public court record absent defendant's consent or order of the Court.[28]

Here, the court agrees with plaintiffs' counsel that defendant's proposals for disclosure of these documents would unduly burden plaintiffs' counsel. To that end, the court will set a deadline by which the parties shall submit a joint protective order to the court. Such a protective order shall include language encompassing the three provisions proposed by plaintiffs and shall also specifically state that counsel for plaintiffs cannot disclose confidential information to plaintiffs themselves. While the court shares defendant's desire to maintain the confidentiality of these sensitive documents, defendant has not demonstrated that plaintiffs' counsel, operating under an appropriately restrictive protective order as an officer of the court, would jeopardize the confidentiality of these documents. Indeed, defendant has not provided, and this court has not found, a single case wherein the "view only" procedures advocated by defendant have been adopted by a court. In contrast, the court routinely uses stipulated protective orders, encompassing requirements similar to those advocated by plaintiffs, to allow the parties to safeguard highly confidential material.

### III. Conclusion

In light of the above, the court sets the following deadlines.

1. By **June 25, 2008**, the parties shall submit a joint protective order as detailed herein.
2. Pursuant to Fed. R. Civ. P. 26(f), no later than **June 16, 2008,** the parties, through counsel, shall confer to discuss the nature and basis of their claims and defenses and to develop a proposed discovery plan, and to make or arrange for the disclosures

---

[28]*Id.* at p. 21.

    required by Fed. R. Civ. P. 26(a)(1). All discussions at this conference shall pertain to the discovery allowed in Judge Murgia's Memorandum and Order and as further articulated in this Memorandum and Order.

3.     By **June 23, 2008 plaintiffs** shall submit a completed report of the parties' planning conference to the undersigned magistrate judge. The report shall follow the report form posted on the court's website: *(http://www.ksd.uscourts.gov/forms/wpforms/StdForm35.wpd)*. It shall be submitted electronically in .pdf format as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*, and **shall not be filed with the Clerk's Office**. The parties may omit those deadlines which do not pertain to the narrow discovery herein allowed.

4.     Pursuant to Fed. R. Civ. P. 16(b), the court hereby sets this case for a scheduling conference by telephone on **June 30, 2008 at 11:00 a.m.** The court will initiate the telephone conference call. All attorneys who have entered an appearance in accordance with D. Kan. Rule 5.1(d) shall be available for the conference call at the telephone numbers listed in the pleadings.

IT IS SO ORDERED.

Dated this 29th day of May, 2008, at Topeka, Kansas.

                                                                     s/ K. Gary Sebelius
                                                                         K. Gary Sebelius
                                                                        U.S. Magistrate Judge