**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ALBERT C. MCCOY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 07-2097-CM-KGS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Albert C. McCoy and Anthony L. McCoy bring this action for compensatory money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. The case is before the court on defendant's Motion to Review the Magistrate Judge's May 30, 2008 Memorandum and Order (Doc 42). For the following reasons, the court denies defendant's motion.

**I.     Background**

Plaintiffs filed this action alleging that federal prison officials, over plaintiffs' objections, negligently put prisoner Michael White in plaintiffs' cell in the United States Penitentiary in Leavenworth, Kansas, and left him there, despite the officials' knowledge that White was the principal suspect in the killing of another prisoner; and that the killing was related to the decedent's punching of plaintiff Albert McCoy. Ten days after White was placed in plaintiffs' cell, White stabbed both plaintiffs multiple times.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction, or, alternatively, for summary judgment (Doc. 18), alleging that plaintiffs' claims are barred by the discretionary

function exception to liability under the FTCA. Discovery was stayed pending resolution of defendant's motion to dismiss. On February 21, 2008, this court denied the motion without prejudice, after finding that "[r]esolution of this issue [the *Berkovitz* test for application of the discretionary function exemption] may depend on materials not presently before the court or available to both parties. Plaintiffs identified several documents that could relate to whether a statute, regulation, or policy governed defendant's actions. . . . Because the court finds that it is possible that plaintiffs could find materials that would rebut defendant's assertion of the discretionary function exemption, the court delays a decision on the merits and narrowly lifts the stay on discovery for this issue." This court therefore ordered "that the stay on discovery is narrowly lifted to allow for discovery of materials related to whether there exists a statute, regulation, or policy that prescribed a course of action for defendant in this case" and directed the parties to conduct discovery by consulting on what materials related to this narrowly-tailored discovery, and identifying disputed materials by way of joint briefing. (Doc. 37.)

To that end, the parties filed a joint brief setting out their disagreement as to the scope of discovery. (Doc. 38.) On May 30, 2008, Judge Sebelius entered an order articulating the course and scope of the parties' narrow discovery. (Doc. 39.) Defendant now asks this court to "review and correct" that order, alleging that it misinterprets this court's February 21, 2008 order permitting narrowly-tailored discovery. Fed. R. Civ. P. 72(a); D. Kan. Rule 72.1.4(a). Additionally, defendant requests oral argument on its motion. In its discretion, this court finds that oral argument is unnecessary for resolution of the motion, and that the motion shall be determined on the memoranda of the parties. D. Kan. Rule 7.2.

## II.     Standard

The parties agree that, with respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

## III.    Arguments and Authorities

Defendant asserts that the May 30, 2008 order: (1) permits discovery beyond whether there exists a statute, regulation or policy prescribing a course of action for defendant in this case; (2) authorizes plaintiff to conduct discovery regarding its Eighth Amendment claims; and (3) appears to permit discovery of irrelevant material.  (Doc. 43.)

This court's February 21, 2008 order specifically discussed the importance of discovery relevant to the *Berkovitz* factors.  Judge Sebelius's order is "sympathetic to the government's concerns" about "expansive discovery"; but echoes this court's unwillingness to cut off plaintiffs' ability to address the *Berkovitz* factors, or to inhibit the court's ability to decide a subsequent dispositive motion.  Judge Sebelius specifies that plaintiffs' requests in the joint submission appear facially relevant to at least one of those factors.  Moreover, Judge Sebelius's order does not unreasonably permit discovery related to plaintiffs' Eighth Amendment claims because it is not clear

-3-

-4-

as a matter of law that plaintiffs cannot use violations of the Eighth Amendment to support their FTCA claim.  Judge Sebelius's May 30 order setting out the nature and scope of the limited discovery ordered by this court was a reasonable interpretation of this court's February 21, 2008 order.   The court is not firmly convinced that a mistake has been committed, and cannot agree with defendant that the May 30, 2008 order is contrary to law, or clearly erroneous.  To the extent this court finds that the May 30, 2008 order is not contrary to law or otherwise clearly erroneous, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Review the Magistrate Judge's May 30, 2008 Memorandum and Order is denied.

Dated this 3rd day of September 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**